IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JACOB DILLON COTTON,

        Defendant.

Case No. 1:25-cr-00002-TMB-MMS-1

**ORDER ON DEFENDANT'S OMNIBUS MOTIONS *IN LIMINE* AND GOVERNMENT'S OMNIBUS RESPONSE TO DEFENDANT'S MOTION *IN LIMINE***
[Dkts. 72 and 87]

## I.      INTRODUCTION

Before the Court is the Defendant Jacob Dillon Cotton's "Omnibus Motions *in Limine*"[1] (the "Motion") and the Government's "Omnibus Response to Defendant's Motion *in Limine*" (the "Response").[2] Cotton sets out eight requests in the Motion;[3] the Government does not oppose six of these requests.[4] For the following reasons, the Court DENIES in part and GRANTS in part Cotton's Motion.

---

[1] Dkt. 72 (Defendant's Omnibus Motions *in Limine*).
[2] Dkt. 87 (Government's Omnibus Response to Defendant's Motion *in Limine*).
[3] Dkt. 72 at 1−2. Cotton's Motion originally lists the requests as a six-item bulleted list. To promote clarity, the Court separated the second request into three distinct requests.
[4] *See generally* Dkt. 87.

## II. BACKGROUND

Cotton is charged by Indictment with Conspiracy to Distribute and to Possess with the Intent to Distribute Fentanyl Resulting in Death (Count 1) and Distribution of Fentanyl Resulting in Death (Count 2).[5]   Trial on these charges is set to begin on March 18, 2026.[6] Relevant here, Cotton submits eight requests[7] in his Motion:

- **Request No. 1:** "That the Court order the production of grand jury transcripts containing witness statements before trial."[8]

- **Request No. 2:** "That all non-exempt witnesses are excluded[.]"[9]

- **Request No. 3:** That "any 'case agent' exempt from the Court's order of exclusion should testify" first.[10]

- **Request No. 4:** "[T]hat excluded witnesses should be directed not to read trial transcripts or discuss the case or their testimony with anyone other than counsel pursuant to Fed. R. Evid. 615."[11]

- **Request No. 5:** "That the Court permit the defense to introduce expected [G]overnment witness Scott Singleton's 2016 conviction for Unauthorized Use

---

[5] Dkt. 2 (Indictment).

[6] Dkt. 43 (Minute Entry for Trial Scheduling Conference).

[7] Dkt. 72 at 1−2. As detailed above, the Court separated the second request into three distinct requests.

[8] *Id.* at 1.

[9] *Id.*

[10] *Id.* at 1, 6–7.

[11] *Id.* at 1.

of a Credit/Debit Card under Fed. R. Evid. 609(a)(2) as it involves a dishonest act."[12]

- **Request No. 6:** "That the [C]ourt exclude lay witness testimony concerning Skagway being a 'dry' town under Fed. R. Evid. 701."[13]

- **Request No. 7:** "That the Court, the [G]overnment, or the [G]overnment's witnesses refrain from referring to Anthony Bowers and James Cook as 'victims' during opening and the evidentiary phase."[14]

- **Request No. 8:** "That the Court direct the [G]overnment to instruct its witnesses as to the parameters of admissible testimony before taking the stand."[15]

The Government does not oppose Requests 1, 2, 4, 5, 7, and 8.

The Government opposes Request No. 3 (whether the Government's case agent shall testify first)[16] and Request No. 6 (whether the Court shall exclude witness testimony concerning Skagway being a "dry" town).[17]

---

[12] *Id.*
[13] *Id.* at 2.
[14] *Id.*
[15] *Id.*
[16] Dkt. 87 at 2–3.
[17] *Id.* at 4–5.

### III.     LEGAL STANDARD

#### A.  *Motions* in Limine

"A motion *in limine* is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence"[18] and may be used to request evidence be either excluded or admitted before trial.[19] Motions *in limine* are appropriate when the "mere mention of evidence during trial would be highly prejudicial."[20] "*[I]n limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial."[21]

A party seeking to exclude evidence through a motion *in limine* must satisfy a "high standard" and show the evidence is inadmissible on all potential grounds.[22] Otherwise, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."[23]

#### B.  *Relevance and Prejudice*

Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence[] and . . . the fact is of consequence in

---

[18] *Barnard v. Las Vegas Metro. Police Dep't*, No. 2:03-cv-01524-RCJ-LRL, 2011 WL 221710, at *1 (D. Nev. Jan. 21. 2011); *Research Corp. Techs., Inc. v. Microsoft Corp.*, No. CV-01-658-TUC-RCJ, 2009 WL 2971755, at *1 (D. Ariz. Aug. 19, 2009).

[19] *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Fed. R. Evid. 609).

[20] *Barnard*, 2011 WL 221710, at *1 (quoting BLACK'S LAW DICTIONARY 1109 (9th ed. 2009)); *Research Corp.*, 2009 WL 2971755, at *1.

[21] *Ohler v. United States*, 529 U.S. 753, 758, n.3 (2000).

[22] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF Ry. Co. v. Quad City Testing Lab'y, Inc.*, No. CV-07-170-BLG-RFC, 2010 WL 4534406, at *1 (D. Mont. Oct. 28, 2010); *Research Corp.*, 2009 WL 2971755, at *1 (citations omitted).

[23] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF*, 2010 WL 4534406, at *1 (citations omitted); *Research Corp.*, 2009 WL 2971755, at *1 (citations omitted).

determining the action."[24] Relevant evidence is admissible unless the United States Constitution, a federal statute, the rules of evidence, or the Supreme Court provide otherwise; irrelevant evidence is inadmissible.[25] However, relevant evidence may still be excluded under Rule 403 "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[26]

### C. Hearsay

Hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."[27] Statements not offered for the truth of the matter asserted are not hearsay.[28] Under Federal Rule of Evidence ("Rule") 802, hearsay is inadmissible unless an exclusion or an exception applies. "A court judgment is hearsay 'to the extent that it is offered to prove the truth of the matters asserted in the judgment.'"[29] "One common application of this principle is admitting a declarant's out-of-court statement for the purpose of establishing what effect it had on the listener."[30]

Under Rule 801(d)(2)(A), an opposing party's statement, when "offered against an opposing party and[] . . . made by the party in an individual or representative capacity" is

---

[24] Fed. R. Evid. 401.
[25] Fed. R. Evid. 402.
[26] Fed. R. Evid. 403.
[27] Fed. R. Evid. 801(c).
[28] Fed. R. Evid. 801; *United States v. Moran*, 493 F.3d 1002, 1013 (9th Cir. 2007).
[29] *United States v. Sine*, 493 F.3d 1021, 1036 (9th Cir. 2007) (quoting *United States v. Boulware*, 384 F.3d 794, 806 (9th Cir. 2004)).
[30] *United States v. Lopez*, 913 F.3d 807, 826 (9th Cir. 2019).

not hearsay and thus excluded from Rule 801's prohibition, even if offered for the truth of the matter asserted.[31] Rule 803 establishes various exceptions to the rule against hearsay.[32]

### D. Exclusion of Witnesses

"At a party's request, the [C]ourt must order witnesses excluded from the courtroom so that they cannot hear other witnesses' testimony. Or the [C]ourt may do so on its own. But this rule does not authorize excluding . . . one officer or employee of a party that is not a natural person if that officer or employee has been designated as the party's representative by its attorney[.]"[33]

## IV. DISCUSSION

### A. The Government's case agent is not required to testify first at this time.

In Request No. 3, Cotton argues that the Ninth Circuit has indicated it "may be good practice to require case agent witnesses to testify first[.]"[34] Cotton requests that the Court "exercise its discretion to follow this preferred practice."[35]

The Government opposes a Court order which would require its case agent to testify first.[36] In support, the Government notes that its case agent is not the officer who initially "responded to the scene(s), interviewed witnesses, executed search warrants, and collected

---

[31] *United States v. Thompson*, 538 F. Supp. 3d 1122, 1129 (D. Nev. 2021) ("Statements made by a party opponent are not hearsay, even if offered for the truth of the matter asserted.").

[32] Fed R. Evid. 803(6).

[33] Fed. R. Evid. 615(2).

[34] Dkt. 72 at 6 (quoting *United States v. Valencia-Riascos*, 696 F.3d 938, 943 (9th Cir. 2012)).

[35] *Id.* at 6.

[36] Dkt. 87 at 2–3.

physical evidence.  It was nearly a year later that [the case agent] was brought in to assist and ultimately took over the case."[37]  The Government argues that "forcing" the case agent to testify first would "deprive the prosecution of the opportunity to present its own case without interference."[38]  The Government additionally cites to unreported Ninth Circuit case law which similarly rejects the notion that the Court should force the testimony of a case agent first.[39]

Cotton must satisfy a "high standard" and show the evidence is inadmissible on all potential grounds in order to succeed on a motion *in limine*.[40] Otherwise, "evidentiary rulings should be deferred until trial[.]"[41]  Here, Cotton has not satisfied that standard, as the Ninth Circuit in the same case cited by Cotton expressly declines to adopt the Fourth Circuit's endorsement of the idea that a case agent "should ordinarily be called first so as to avoid giving the prosecution unfair advantage or the appearance that the prosecution is

---

[37] *Id.* at 2.

[38] *Id.* at 2–3 (quoting *Valencia-Riascos,* 696 F.3d at 943.).

[39] *Id.* at 3 (citing *United States v. Kopankov*, No. 19-cr-00178-JSC-1, 2023 WL 3182949, at *12 (N.D. Cal. May 1, 2023) ("Given the Ninth Circuit's guidance to allow the [G]overnment leeway in how to present its case, the Court DENIES Defendant's motion to require the agent testify first."); *United States v. Barnes*, No. 2:13-CR-423 JCM, 2016 WL 1317724, at *4 (D. Nev. Apr. 1, 2016); *United States v. Garcia*, No. 18-cr-00466-BLF, 2021 WL 4594774, at *5 (N.D. Cal. Oct. 6, 2021) ("the Court declines to order the Government's case agent to testify first.")).

[40] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF Ry. Co. v. Quad City Testing Lab'y, Inc.*, No. CV-07-170-BLG-RFC, 2010 WL 4534406, at *1 (D. Mont. Oct. 28, 2010); *Research Corp.*, 2009 WL 2971755, at *1 (citations omitted).

[41] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF*, 2010 WL 4534406, at *1 (citations omitted); *Research Corp.*, 2009 WL 2971755, at *1 (citations omitted).

being favored."[42]  Instead, the Ninth Circuit "decline[d] to adopt a presumption that would deprive the prosecution of the opportunity to present its own case without interference."[43]

     *B. Cotton has not met the high threshold required to show lay witness testimony concerning Skagway being a 'dry' town would be inadmissible on all potential grounds.*

Fed. R. Evid. 602 provides: "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony."[44]  Fed. R. Evid. 701 provides: "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge[.]"[45]

As stated above, motions *in limine* are appropriate when the "mere mention of evidence during trial would be highly prejudicial."[46]  If the moving party has not shown the evidence is inadmissible on all potential grounds,[47] "evidentiary rulings should be

---

[42] *Valencia-Riascos,* 696 F.3d at 943, n. 4 (quoting *States v. Frazier*, 417 F.2d 1138, 1139 (4th Cir.1969) (per curiam).).

[43] *Valencia-Riascos,* 696 F.3d at 943.

[44] Fed. R. Evid. 602.

[45] Fed. R. Evid. 701.

[46] *Barnard*, 2011 WL 221710, at *1 (quoting BLACK'S LAW DICTIONARY 1109 (9th ed. 2009)); *Research Corp.*, 2009 WL 2971755, at *1.

[47] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF Ry. Co. v. Quad City Testing Lab'y, Inc.*, No. CV-07-170-BLG-RFC, 2010 WL 4534406, at *1 (D. Mont. Oct. 28, 2010); *Research Corp.*, 2009 WL 2971755, at *1 (citations omitted).

deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."[48]

Cotton argues that "any lay witness testimony opining that the entire town of Skagway is 'dry' cannot meet the requirements under Evidence Rules 602 and 701."[49] Cotton further argues that any such opinion "inherently relies on speculation and hearsay. Broad statements about whether drugs are available anywhere in town cannot rest solely on the witness's sole perception without some degree of speculation or reliance on the opinions of others about local drug availability."[50]

In response, the Government argues that such testimony does satisfy the requirement of Fed. R. Evid. 602 and Fed. R. Evid. 701 in that "[m]any witnesses will testify to personal knowledge that Skagway" "goes through periods where it is impossible to obtain controlled substances[,]" and "the witnesses will demonstrate sufficient personal knowledge to testify about Skagway being 'dry' around January 2023[.]"[51]

Here, the Court cannot properly rule on the testimony of these witnesses without the appropriate context; additionally, Cotton has not met the high threshold required to show that such testimony would be inadmissible on all potential grounds. Should the Government seek to elicit lay witness testimony concerning Skagway being a "dry" town, it must first lay the appropriate foundation. It is conceivable that drug users can speak to

---

[48] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF*, 2010 WL 4534406, at *1 (citations omitted); *Research Corp.*, 2009 WL 2971755, at *1 (citations omitted).
[49] Dkt. 72 at 11.
[50] *Id.*
[51] Dkt. 87 at 4–6.

their own personal use and access (or lack thereof) to such drugs; additionally, such drug users may be able to demonstrate sufficient personal knowledge to testify to opinions rationally based on their perceptions. However, the Court cannot make such a blanket determination about all such witnesses absent more information.

## CONCLUSION

For the foregoing reasons, the requests contained in Cotton's Motion are decided as follows:

1. The Government does not oppose Requests 1, 2, 4, 5, 7, and 8. Accordingly, the Court **DENIES** such requests as moot.

2. The Court **DENIES without prejudice** Cotton's request for the Government's case agent to testify first (Request No. 3).

3. The Court **DENIES without prejudice** Cotton's request to exclude lay witness testimony concerning Skagway being a "dry" town (Request No. 6).

IT IS SO ORDERED.

Dated this 16th day of March, 2026.

/s/*Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE