IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>JACOB DILLON COTTON,<br><br>Defendant. | Case No. 1:25-cr-00002-TMB-MMS-1<br><br>**ORDER ON GOVERNMENT'S<br>MOTION *IN LIMINE***<br>[Dkt. 64] |

## I.    INTRODUCTION

Before the Court is the United States' "Motion *in Limine*" (the "Motion").[1]  The Government moves the Court, pursuant to Federal Rules of Evidence 608(b) and 609(a)(2) and (b)(1) and (2), to "exclude inquiry of witnesses at trial into misdemeanor theft convictions and prior felony convictions that are over ten years old."[2]  Jacob Dillon Cotton has not filed a response.[3]  For the following reasons, the Court **GRANTS in part and DENIES in part** the Government's Motion.

## II.    BACKGROUND

Cotton is alleged to have conspired with Anthony Bowers to distribute and possess with the intent to distribute fentanyl in Skagway, Alaska.[4]  Bowers allegedly paid Cotton

---

[1] Dkt. 64 (Government's Motion *in Limine*).
[2] *Id.* at 1.
[3] Dkt. (absence).
[4] Dkt. 66 (Government's Notice to Admit 404(B) Evidence) at 2.

to send Bowers a package of fentanyl pills in the mail from Spokane, Washington.[5] Drug

users in Skagway allegedly indicated that, prior to Bowers receiving fentanyl from Cotton,

the town was "dry."[6] Skagway drug users allegedly received drugs from Cotton, indicating

that Cotton was a drug dealer and source of supply for illegal narcotics in Skagway in the

past.[7] On January 13, 2023, Bowers consumed fentanyl allegedly provided by Cotton and

died; on January 14, 2023, Jimmy Cook also consumed fentanyl allegedly provided by

Cotton and died.[8]

Cotton is charged by Indictment with Conspiracy to Distribute and to Possess with

the Intent to Distribute Fentanyl Resulting in Death (Count 1) and Distribution of Fentanyl

Resulting in Death (Count 2).[9]   Trial on these charges is set to begin on March 18, 2026.[10]

### III.   LEGAL STANDARD
*A. Motions* in Limine

"A motion *in limine* is a procedural device to obtain an early and preliminary ruling

on the admissibility of evidence"[11] and may be used to request evidence be either excluded

or admitted before trial.[12] Motions *in limine* are appropriate when the "mere mention of

---

[5] Dkt. 71 (Motion in Limine Re Government's Notice to Admit 404(b) Evidence) at 2.

[6] Dkt. 66 at 2.

[7] *Id.*

[8] *Id.* at 3.

[9] Dkt. 2 (Indictment).

[10] Dkt. 43 (Minute Entry for Trial Scheduling Conference).

[11] *Barnard v. Las Vegas Metro. Police Dep't*, No. 2:03-cv-01524-RCJ-LRL, 2011 WL 221710, at *1 (D. Nev. Jan. 21. 2011); *Research Corp. Techs., Inc. v. Microsoft Corp.*, No. CV-01-658-TUC-RCJ, 2009 WL 2971755, at *1 (D. Ariz. Aug. 19, 2009).

[12] *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Fed. R. Evid. 609).

evidence during trial would be highly prejudicial."[13] "*[I]n limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial."[14]

A party seeking to exclude evidence through a motion *in limine* must satisfy a "high standard" and show the evidence is inadmissible on all potential grounds.[15] Otherwise, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."[16]

### B. Rules 609 and 608(b)

"Evidence relating to impeachment by way of criminal conviction is treated exclusively under Rule 609."[17] Rule 609 "provides that the credibility of a witness may be attacked during cross-examination by establishing that he has been convicted of a crime."[18] Two factors dictate the standard the Court applies to determine whether to permit the use of a prior conviction for impeachment purposes: (1) the age and nature of the conviction, and (2) whether the witness is the defendant.[19] Where the witness is not the defendant, evidence of a prior felony conviction (i.e., a conviction of a crime punishable by death or imprisonment for more than one year) must be admitted, subject to Rule 403.[20] The parties

---

[13] *Barnard*, 2011 WL 221710, at *1 (quoting BLACK'S LAW DICTIONARY 1109 (9th ed. 2009)); *Research Corp.*, 2009 WL 2971755, at *1.

[14] *Ohler v. United States*, 529 U.S. 753, 758, n.3 (2000).

[15] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF Ry. Co. v. Quad City Testing Lab'y, Inc.*, No. CV-07-170-BLG-RFC, 2010 WL 4534406, at *1 (D. Mont. Oct. 28, 2010); *Research Corp.*, 2009 WL 2971755, at *1 (citations omitted).

[16] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF*, 2010 WL 4534406, at *1 (citations omitted); *Research Corp.*, 2009 WL 2971755, at *1 (citations omitted).

[17] *United States v. Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009).

[18] *United States v. McClintock*, 748 F.2d 1278, 1288 (9th Cir. 1984).

[19] Fed. R. Evid. 609.

[20] Fed. R. Evid. 609(a)(1).

may also use evidence of a conviction of any crime involving a "dishonest act or false statement" to impeach a witness.[21] This use is limited "to those crimes that involve some element of misrepresentation or other 'indicium of a propensity to lie and excluding those crimes which, bad though they are, do not carry with them a tinge of falsification.'"[22]

The Court also considers how much time has elapsed before permitting a party to use a prior criminal conviction to impeach a witness.[23] Where "more than 10 years have passed since the witness's conviction or release from confinement[,] . . . whichever is later," evidence of a witness's conviction is admissible only if "(1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use."[24]

Finally, "[a]bsent exceptional circumstances, evidence of a prior conviction admitted for impeachment purposes may not include collateral details and circumstances attendant upon the conviction."[25]

Rule 608(b), in turn, "permits impeachment only by specific acts that have not resulted in a criminal conviction."[26] "[T]he court may, on cross-examination, allow

---

[21] Fed. R. Evid. 609(a)(2).

[22] *United States v. Mehrmanesh*, 689 F.2d 822, 833 (9th Cir. 1982) (quoting *United States v. Ortega*, 561 F.2d 803, 806 (9th Cir. 1977)).

[23] Fed. R. Evid. 609(b).

[24] *Id.*

[25] *Osazuwa*, 564 F.3d at 1175 (internal quotations removed) (quoting *United States v. Sine*, 493 F.3d 1021, 1036 n.14 (9th Cir. 2009))

[26] *Id.*

[specific instances of a witness's conduct] to be inquired into if they are probative of the character for truthfulness or untruthfulness of . . . the witness."[27]

### IV. DISCUSSION

The Government asks the Court to prohibit questioning about misdemeanor theft convictions and prior felony convictions older than the ten-year limit set forth at Rule 609(b).[28] The Government argues that the Ninth Circuit Court of Appeals "has been very clear that misdemeanor crimes of theft do not involve crimes of dishonesty or false statement within the meaning of Rule 609(a)(2)."[29] From this, the Government contends that trial witnesses with felony convictions "that are ten years or older [are] generally inadmissible" without a showing to the Court of the probative value of the conviction.[30]

A party seeking to exclude evidence through a motion *in limine* must satisfy a "high standard" and show the evidence is inadmissible on all potential grounds.[31] Otherwise, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."[32] The Government does not identify any such convictions for which it brings this motion. Therefore, the Court declines

---

[27] Fed. R. Evid. 608(b)(1).

[28] *See* Dkt. 64 at 1.

[29] *Id.* at 1–2 (citing *U.S. v. Glenn*, 667 F.2d 1269, 1273 (9th Cir. 1982); *U.S. v. Ortega*, 561 F.2d 803, 806 (9th Cir. 1977)).

[30] Dkt. 64 at 2.

[31] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF Ry. Co. v. Quad City Testing Lab'y, Inc.*, No. CV-07-170-BLG-RFC, 2010 WL 4534406, at *1 (D. Mont. Oct. 28, 2010); *Research Corp.*, 2009 WL 2971755, at *1 (citations omitted).

[32] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF*, 2010 WL 4534406, at *1 (citations omitted); *Research Corp.*, 2009 WL 2971755, at *1 (citations omitted).

to preliminarily "exclude inquiry of witnesses at trial into misdemeanor theft convictions and prior felony convictions that are over ten years old."[33]

Should Cotton seek to admit an additional prior conviction of a trial witness, an individualized analysis to determine the probative value of such conviction will be required. Further, Cotton must raise the matter with the Court outside of the presence of the jury before asking questions pertaining to a prior conviction in order to provide the Government with a fair opportunity to contest its use. Thus, the Court **DENIES this request without prejudice.**

## CONCLUSION

For the foregoing reasons, the Government's Motion *in Limine* at Docket 64 is **DENIED without prejudice.**

IT IS SO ORDERED.

Dated this 16th day of March, 2026.

/s/*Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[33] Dkt. 64 at 1.

-6-